IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IGNACIO P. PENA,

      Plaintiff,                        No. CIV S-06-1408 LKK GGH P

      vs.

P. BARKER, et al.,

      Defendants.             ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $16.94 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

      Named as defendants are P. Barker, Officer Lee, L. Abella, M. Melgoza and Sergeant Smith.  Plaintiff alleges that on April 12, 2004, he was placed in administrative segregation.  On April 15, 2004, defendant Barker told plaintiff that he could pick out six cubic feet of his personal property and hobby material, but the rest would have to be sent home. Plaintiff told defendant Barker that the regulations authorized plaintiff to have six cubic feet of personal property and nine cubic feet of hobby material.  Defendant Abella agreed with defendant Barker regarding the amount of property plaintiff was allowed to possess.

      Defendant Barker told plaintiff that his property would be stored in the Warehouse for 30 days. If plaintiff did not send his property home within that time, it would be donated.

      On April 15, 2004, plaintiff received fifteen pages of property receipts.  Plaintiff later received fourteen more property receipts.  On May 19, 2004, plaintiff was released to the general population.

      On June 2, 2004, defendant Lee summoned plaintiff to receive his property that had been stored by defendants Barker and Abella.  When plaintiff arrived, defendant Lee told plaintiff that he appeared to have some contraband.  Defendant Lee would not release the property to plaintiff and instead had it returned to storage.

      On June 25, 2004, plaintiff receive a chrono stating that plaintiff had been given the opportunity to receive six cubic feet of his property, but that he refused stating that he wanted all of his property.  The chrono said that plaintiff had thirty days to dispose of his property.

      On April 25, 2004, defendant Melgoza told plaintiff that defendant Smith had decided that if plaintiff wanted to donate some of his property, he would be allowed to keep some photo albums.  Plaintiff agreed to this suggestion.  Defendant Smith refused to provide plaintiff with a receipt from his property donation.

\\\\\

\\\\\

1  The United States Supreme Court has held that "an unauthorized intentional 2 deprivation of property by a state employee does not constitute a violation of the procedural 3 requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful 4 postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). 5 Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional 6 deprivations constitute actionable violations of the Due Process Clause. An authorized 7 deprivation is one carried out pursuant to established state procedures, regulations, or statutes. 8 Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of 9 Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

10  In the instant case, plaintiff has not alleged any facts which suggest that the 11 deprivation was authorized. Plaintiff alleges that defendants did not follow proper procedures 12 when depriving him of his property. These allegations indicate that the deprivations were not 13 authorized. The California Legislature has provided a remedy for tort claims against public 14 officials in the California Government Code, §§ 900, et seq. For this reason, plaintiff's 15 complaint is dismissed with leave to amend.

16  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the 17 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See 18 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms 19 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless 20 there is some affirmative link or connection between a defendant's actions and the claimed 21 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 22 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory 23 allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board 24 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25 /////

26

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $16.94. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 10/5/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

ggh:kj  
pena1408.b