IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IGNACIO P. PENA,

      Plaintiff,                        No. CIV S-06-1408 LKK GGH P

   vs.

P. BARKER, et al.,

      Defendants.                  FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint filed November 21, 2006. For the following reasons, the court recommends that this action be dismissed.

        Again named as defendants are P. Barker, Officer Lee, L. Abella, M. Melgoza and Sergeant Smith. The allegations of the amended complaint are virtually identical to those contained in the original complaint.

        Plaintiff alleges that on April 12, 2004, he was placed in administrative segregation. On April 15, 2004, defendant Barker told plaintiff that he could pick out six cubic feet of his personal property and hobby material, but the rest would have to be sent home. Plaintiff told defendant Barker that the regulations authorized plaintiff to have six cubic feet of personal property and nine cubic feet of hobby material. Defendant Abella agreed with

1

1  defendant Barker regarding the amount of property plaintiff was allowed to possess.

2  Defendants Barker and Abella told plaintiff that his property would be stored in
3  the warehouse for 30 days. If plaintiff did not send his property home within that time, it would
4  be donated.

5  On April 15, 2004, plaintiff received fifteen pages of property receipts.  Plaintiff
6  later received fourteen more property receipts.  On May 19, 2004, plaintiff was released to the
7  general population after he was exonerated of the charges that resulted in his placement to ad seg
8  in the first place.

9  On June 2, 2004, defendant Lee summoned plaintiff to receive his property that
10  had been stored by defendants Barker and Abella.  When plaintiff arrived, defendant Lee told
11  plaintiff that he appeared to have some contraband.  Defendant Lee would not release the
12  property to plaintiff and instead had it returned to storage.

13  On June 25, 2004, plaintiff receive a chrono stating that plaintiff had been given
14  the opportunity to receive six cubic feet of his property, but that he refused stating that he wanted
15  all of his property.  The chrono said that plaintiff had thirty days to dispose of his property.

16  On April 25, 2004, defendant Melgoza told plaintiff that defendant Smith had
17  decided that if plaintiff wanted to donate some of his property, he would be allowed to keep
18  some photo albums.  Plaintiff agreed to this suggestion.  Defendant Smith refused to provide
19  plaintiff with a receipt from his property donation.

20  The United States Supreme Court has held that "an unauthorized intentional
21  deprivation of property by a state employee does not constitute a violation of the procedural
22  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
23  postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).
24  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional
25  deprivations constitute actionable violations of the Due Process Clause.  An authorized
26

1  deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
2  <u>Piatt v. McDougall</u>, 773 F.2d 1032, 1036 (9th Cir. 1985); <u>see</u> <u>also</u> <u>Knudson v. City of</u>
3  <u>Ellensburg</u>, 832 F.2d 1142, 1149 (9th Cir. 1987).

4        In the instant case, plaintiff has not alleged any facts which suggest that the
5  deprivations of his property were authorized.  While plaintiff alleges that the deprivations were
6  intentional, plaintiff alleges that defendants did not follow proper procedures when depriving
7  him of his property.  These allegations indicate that the deprivations were not authorized.  The
8  California Legislature has provided a remedy for tort claims against public officials in the
9  California Government Code, §§ 900, <u>et</u> <u>seq</u>.  For this reason, plaintiff's claims against
10 defendants are not colorable.

11       Plaintiff's original complaint contained the same allegations as are contained in
12 the amended complaint.  Because it does not appear that plaintiff can cure these pleading defects,
13 the court recommends that this action be dismissed.

14       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed
15 with prejudice.

16       These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
18 days after being served with these findings and recommendations, plaintiff may file written
19 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
20 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
21 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
22 F.2d 1153 (9th Cir. 1991).

23 DATED: 12/22/06                              /s/ Gregory G. Hollows

24                                              GREGORY G. HOLLOWS
                                                UNITED STATES MAGISTRATE JUDGE
25 pen1408.56

26